CHARLES E. RIELY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JANIS D. RIELY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Riely v. Commissioner
Docket Nos. 3668-81, 3669-81.
United States Tax Court
T.C. Memo 1983-151; 1983 Tax Ct. Memo LEXIS 632; 45 T.C.M. (CCH) 1047; T.C.M. (RIA) 83151; March 22, 1983. Charles E. Riely, for the petitioners. Michael Kevin Phalin, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: In these consolidated cases, respondent determined the following deficiencies in petitioners' Federal income taxes: Petitioner
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
Charles E. Riely
1972
$4,673.59
$1,168.40
$233.68
$149.19
(Docket No. 3668-81)
1973
5,743.52
1,435.88
287.18
183.34
1974
8,052.15
2,013.04
402.61
257.06
Janis D. Riely
1972
3,998.59
999.65
199.93
127.64
(Docket No. 3669-81)
1973
4,879.52
1,219.88
243.98
155.78
1974
7,009.35
1,752.34
350.47
223.75
*633 The issues for decision are: (1) whether petitioners are liable for deficiencies in the amounts determined by respondent for 1972, 1973, and 1974; and (2) whether petitioners are liable for additions to tax under sections 6651(a), 6653(a), and 6654 for such years. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Charles E. Riely and Janis D. Riely, husband and wife, resided in Mesa, Arizona, when they filed their respective petitions herein. From August of 1971 through 1974, petitioners owned and operated, as a sole proprietorship, a printing business known as Tri-City Printing, Mesa, Arizona. During the years in issue, petitioners maintained a business checking account (no. 61495-01-070) in the name of Tri-City Printing at the United Bank of Arizona, Mesa, Arizona. For each of his 1972, 1973, and 1974 taxable years, Charles E. Riely (hereinafter Mr. Riely) submitted Form 1040, U.S. Individual Income Tax Return (hereinafter Form 1040) to the Internal Revenue Service (hereinafter the IRS) containing his signature, address, and social security number. *634 In addition, Mr. Riely claimed a filing status of "married filing separately" on such forms. None of those Form 1040's contained any information from which the IRS could compute and assess Mr. Riely's income tax liability. Attached to all such Form 1040's was an assortment of material described infra.
For 1972, Mr. Riely submitted to the IRS the first two pages of Form 1040, on which he wrote the words "None" in the spaces provided for the listing of wages; dividends; and interest income. He wrote the words "Object-Self incrimination" in the spaces provided for the listing of occupation; income from other than wages, dividends, and interest; business income (or loss); net gain (or loss) from sale or exchange of capital assets; and self-employment tax. Mr. Riely did claim four personal exemptions on the Form 1040, and he stated the names of two of his claimed dependents, and their relationship to him. All of the remaining spaces on Mr. Riely's Form 1040 for 1972 were left blank. Appended to the Form 1040 for 1972 were various materials, totalling 44 pages, concerning an individual's rights against self-incrimination, claims that the IRS fabricates charges against citizens, *635 and that the system of taxation originally proposed in the Constitution "has been subverted and converted into an instrument of tyranny and plunder." For 1973, Mr. Riely submitted to the IRS the first page of Form 1040. He wrote the word "None" in the space provided thereon for wages, and the words "Object: Possible Self-incrimination" in the spaces provided thereon for occupation and income other than wages, dividends, and interest. Except for claiming four personal exemptions, all of the remaining spaces on the Form 1040 were left blank. Below Mr. Riely's signature on such Form 1040, is the following statement: The attached exhibits #A through #HH (50 pages) are an integral part of this return. The words -- "Object: possible self-incrimination" are an abbreviated form of: "I respectfully decline to answer, as it might tend to incriminate me." Although Mr. Riely stated on the Form 1040 that he was attaching 50 pages of exhibits, there is only a one page document attached thereto. Such document discusses an individual's constitutional right to a jury trial in criminal cases and in suits at common law. For 1974, Mr. Riely submitted to the IRS two Form 1040's. On one of *636 such forms the word "Amended" is handwritten on the top right-hand corner. Both of such forms are similarly marked; the main difference between them being that Mr. Riely only signed the 1974 Form 1040 which has the word "Amended" handwritten on it. In the spaces provided for wages appears a single asterisk and the words "(Not over) 25." On the bottom of the Form 1040's, the single asterisk in the space for wages is said to mean that the $25 figure "is expressed in Constitutional Dollars of Silver and/or Gold." A double asterisk appears in almost all of the remaining spaces of the Form 1040's for 1974. On the bottom of such forms a double asterisk is explained to mean "Specific Objection is taken to the Specific Question, on grounds of the 1st, 4th, 5th, 7th, 8th, 9th, 10th, 13th, 14th, and 15th Amendments, U.S. Constitution." Written elsewhere on the Form 1040's which Mr. Riely submitted to the IRS for 1974 is the following: FILED UNDER PROTEST - PETITION FOR REDRESS OF GRIEVANCES - ALL ATTACHMENTS ARE INTEGRAL PART OF THIS RETURN - OTHER MATERIALS INCLUDED BY REFERENCE. I OFFER TO AMEND OR RE-FILE THIS RETURN AND ALL RETURNS HERETOFORE SUBMITTED, TO [EXAMINE] AS YOU WISH *637 THEM, IF YOU CAN SHOW ME HOW TO DO SO WITHOUT WAIVING MY CONSTITUTIONAL [RIGHTS]. NOTE: CONSTITUTIONAL DOLLAR IS HERE USED WITH THE STATUTORY DEFINITION OF 412.5 GRAINS OF STANDARD SILVER. Attached to the Form 1040's were various materials, totalling 90 pages, in which Mr. Riely objects to, inter alia, foreign aid, abortions, and the fact that the dollar is no longer backed by gold and silver. The parties have stipulated that Mrs. Riely did not file any Federal income tax returns with the IRS during the years in issue. In the notices of deficiency, respondent determined that petitioners each had unreported taxable income from their Tri-City Printing business in the following amounts: [2]
Year
Gross Receipts
Cost of Operations
Taxable Income
1972
$31,624.10
$14,723.87
$15,150.23
1973
33,438.18
14,379.86
17,308.32
1974
36,811.87
13,104.89
21,956.98
Respondent further determined that neither petitioner filed Federal income tax returns for the years in issue, and that each petitioner was liable for additions to tax under sections 6651(a), 6653(a), and 6654. Finally, respondent determined that Mr. Riely is liable for the tax on self-employment *638 income. [3]
OPINION We must determine whether petitioners are liable for the deficiencies and additions to tax as determined by respondent. Petitioners have the burden of proof with respect to the deficiencies and additions to tax determined by respondent. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. They have completely failed to meet their burden. At trial, petitioners informed he Court that they had brought with them their books and records for the years in issue, but they did not want to offer them in evidence because of the mere possibility that information *639 contained therein might someday be used against them. This is also the reason which petitioners advance for not providing the information called for on the Form 1040's. Clearly, petitioners' position is ridiculous. Any possible danger of self-incrimination is so remote or speculative that it can not support a Fifth Amendment claim. [4]McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F. 2d 1234 (9th Cir. 1983). Due to petitioners' total lack of evidence, we uphold respondent's deficiency determinations. The Form 1040's and other documents which Mr. Riely submitted to the IRS for all years in issue lacked sufficient information *640 which could be used to compute his tax liabilities and, therefore, they do not constitute Federal income tax returns. United States v. Porth,426 F. 2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970); Cupp v. Commissioner,65 T.C. 68, 79, 84 (1975), affd. without published opinion 559 F. 2d 1207 (3d Cir. 1977); Jarvis v. Commissioner,78 T.C. 646 (1982). Moreover, petitioners have stipulated that Mrs. Riely never filed returns for the years in issue. Consequently, we sustain the additions to tax under section 6651(a) for failure to file timely returns. With respect to the additions to tax under section 6653(a), petitioners have not established that their refusal to file income tax returns as required by law was other than an intentional disregard of respondent's rules and regulations. Thus, those additions are also sustained. Finally, the section 6654 addition to tax is imposed regardless of a showing of reasonable cause, absent exceptions provided in section 6654(d) which are not applicable here. Section 1.6654-1(a), Income Tax Regs.; Reaver v. Commissioner,42 T.C. 72, 83 (1964). *641 To reflect the foregoing, Decisions will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. Arizona is a community property state and the above amounts represent respondent's determination of each petitioners' community property share. In computing their separate taxable income, respondent allowed each petitioner a standard deduction and personal exemption of $1,000 and $750, respectively, for each of the years in issue. ↩
3. The deficiencies which respondent determined with respect to Mrs. Riely are somewhat smaller than Mr. Riely's because respondent did not determine that she was liable for the tax on self-employment income.↩
4. See also Coulter v. Commissioner,T.C. Memo. 1983-19; Boger v. Commissioner,T.C. Memo. 1981-629. Mr. Riely's legal tender and other constitutional objections which appear on the Form 1040's and other documents which he submitted to the IRS for the years in issue are also meritless. See Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published opinion 559 F. 2d 1207 (3d Cir. 1977); Fahy v. Commissioner,T.C. Memo. 1982-37↩.